**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD C. MERZ, Individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>EQUIFAX INFORMATION SERVICES, LLC, and JOHN DOES 1-25,<br><br>Defendant. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

## INTRODUCTION

1. Plaintiff, RICHARD C. MERZ, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Defendant EQUIFAX INFORMATION SERVICES, LLC, ("Equifax") falsely represents to consumers who disputed the accuracy of public records reported about them by Equifax, that it has directly contacted the original source of the public records.

2. Additionally, if Equifax fails to remove an inaccurate public record from a consumer's credit report, Equifax advises the consumer to take up his or her dispute by calling the "source" of the public record. When a consumer attempts to reach the source, the phone number Equifax gives either does not work or the source states that they have no relationship with Equifax.

3. Equifax further never discloses the true source of the public records it reports about consumers.

-1-

4. Plaintiff further alleges Equifax failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff, and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

5. Plaintiff seeks statutory, actual, and punitive damages for himself and class members, injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

6. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of New Jersey, and violated Plaintiffs rights under the FCRA in the state of New Jersey as alleged more fully below.

7. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

8. Plaintiff, Richard C. Merz ("Plaintiff"), is a resident of the State of New Jersey, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9. Defendant Equifax is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

10. Equifax Information Services, LLC principal place of business is 1550 Peach Tree Street,

N.W., Atlanta, GA 30309.

## FACTUAL ALLEGATIONS

11. Prior to November 2015, a credit report concerning the Plaintiff prepared by Equifax incorrectly listed a tax lien with the State of New Jersey in the amount of $1,514.00 with a docket number of DJ20015508.

12. The inaccurate public record negatively reflects upon the Plaintiff, his financial responsibility and credit reputation.

13. Defendant has been reporting this inaccurate public record by placing on Plaintiff's credit report which it has disseminated to various persons and credit grantors.

14. Plaintiff, unclear as to what the tax lien was about, reached out to the State of New Jersey Department of Treasury for guidance.

15. On or about November 13, 2015, Plaintiff received a response from State of New Jersey (See **Exhibit A)** stating that the Plaintiff is not the Judgment Debtor and that the Division:

    "[D]oes not have a relationship with any of the credit bureaus. Please outreach the credit bureaus to ascertain how to update your credit history."

16. Upon receipt of the above letter, the Plaintiff disputed the inaccurate public record in writing by sending a dispute letter along with the above letter from the State of New Jersey to Equifax.

17. In response to Plaintiff's dispute, Equifax sent a response letter in which they incorrectly verified that the public record involving the tax lien belonged to the Plaintiff, and stated that it had contacted "Richard J. Hughes Justice Comp, Trenton, New Jersey 08611." See November 30, 2015 letter, attached hereto as **Exhibit B.**

18. Contrary to their representation to the Plaintiff, Equifax never contacted Richard J. Hughes Justice Comp, Trenton, New Jersey 08611 in response to Plaintiff's dispute, as the State of New Jersey already confirmed that the trade line was incorrect and stated that they have no relationship with the credit bureaus.

19. The November 30, 2015 response letter further advised the Plaintiff to contact Richard J. Hughes Justice Comp at 609-292-4987 if the Plaintiff has any additional questions.

20. Upon attempting to call 609-292-4987, Plaintiff discovered that 609-292-4987 is not a working phone number.

21. As a matter of common practice, Defendant obtains the public record information it reports about consumers from independent companies it hires.

22. Defendant's practice has been to misrepresent to consumers through the use of form letters its methods of investigation by wrongfully representing that they verified public record from the source.

23. At all times pertinent hereto, Defendant's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e and 1681i of the FCRA.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings Count I of this action as a New Jersey class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all others similarly situated.

25. The Class (hereinafter, "Class") consists of: All natural persons residing in the State of New Jersey whom, beginning two years prior to the filing of this Complaint and continuing through the resolution of this action, in response to a dispute, Defendant sent a

letter substantially similar to the Letter attached hereto as **Exhibit B.**

26. The Class period begins two years to the filing of this Action.

27. This Action is properly maintained as a class action. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a) Upon information and belief, the Class is so numerous that joinder of all members is impracticable because Defendant handles hundreds if not thousands, of consumer disputes and investigations of public record information, and Defendant's uniform practice and procedure is to send form letters in response which misrepresent its investigation activities;

   b) There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the defendants violated various provisions of the FCRA including but not limited to 15 U.S.C. § 1681i.

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

c) Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d) Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

e) Plaintiff will fairly and adequately protect the interest of the Class and has retained competent attorneys to represent the Class.

f) A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g) A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

h) Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## FAILURE TO INVESTIGATE

**15 U.S.C. § 1681i**

28. All preceding paragraphs are realleged.

29. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" ("CRA") as those terms are defined by 15 U.S.C. § 1681a(c).

30. Section 1681i of the FCRA requires a credit reporting agency such as Equifax to conduct a reasonable investigation in response to any consumer dispute of information appearing on that consumer's credit report. If a reinvestigation is conducted, a CRA must provide the consumer written notice of the results of its reinvestigation and its method of reinvestigation.

31. Equifax's violations of the FCRA are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or in the alternative, negligent, giving rise to liability under 15 U.S.C. § 1681o.

32. Upon information and belief, Plaintiff has suffered damages as a result of Equifax's violations of the FCRA, including, without limitation, the adverse impact to his credit caused by the appearance on his credit report of alleged debts as "Credit Items," and as having a tax lien listed on his credit report, which, upon reasonable investigation by Equifax, should have been removed.

**COUNT II**
**FAILURE TO ASSURE**
**MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**

33. All preceding paragraphs are realleged.

34. Plaintiff alleges Count II for himself but not on behalf of the Class.

35. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum

possible accuracy of the information concerning the individual about whom the report relates."

36. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the tax lien listed on the Plaintiff's credit report, especially after the Plaintiff noticed the Defendant that the State of New Jersey acknowledges that the tax lien does not belong to him.

37. Upon information and belief, Plaintiff has suffered damages as a result of Equifax's violations of the FCRA, including, without limitation, the adverse impact to his credit caused by the appearance on his credit report of alleged debts as "Credit Items," and as having a tax lien listed on his credit report, which, upon reasonable investigation by Equifax, should have been removed.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yitzchak Zelman, Esq. and Ari Marcus, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 13, 2016

                                     */s/ Ari Marcus*
                                     Ari Marcus, Esq.
                                     MARCUS & ZELMAN, LLC
                                     1500 Allaire Avenue, Suite 101
                                     Ocean, New Jersey 07712
                                     (732) 695-3282 telephone
                                     (732) 298-6256 facsimile
                                     *Attorneys for Plaintiff*

                                     */s/ Yitzchak Zelman*
                                     Yitzchak Zelman, Esq.
                                     MARCUS & ZELMAN, LLC
                                     1500 Allaire Avenue, Suite 101
                                     Ocean, New Jersey 07712
                                     (732) 695-3282 telephone
                                     (732) 298-6256 facsimile
                                     *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  January 13, 2016            */s/ Ari Marcus*
                                           Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 13, 2016 /s/ Ari Marcus
Ari Marcus, Esq.